IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CV-273-BO

HENRY PASHBY, *et al.*, on behalf of )
themselves and all others similarly situated, )
)
                            Plaintiffs, )
v.                                    )        O R D E R
)
ALDONA WOS, in her official capacity )
as Secretary of the North Carolina )
Department of Health and Human Services, )
)
                            Defendant. )

This cause comes before the Court on plaintiffs' motions to amend their complaint and to amend definition of the certified class and defendant's motion to dismiss. For the reasons discussed below, plaintiffs' motions are granted and defendant's motion is denied.

## BACKGROUND

Plaintiffs filed this action on May 31, 2011, seeking to enjoin changes in the North Carolina Medicaid Personal Care Services (PCS) program under Clinical Policy 3E, which took effect on June 1, 2011. PCS are provided to elderly and disabled individuals who require assistance with certain basic tasks such as eating, bathing, dressing, and toileting. Plaintiffs contended that Policy 3E's PCS eligibility requirements for those persons living in their own homes were more strict than the PCS eligibility requirements that applied to persons living in adult-care or institutional settings. The effect of these disparate requirements, plaintiffs contend, would be that persons who are otherwise able to live at home but who need some PCS assistance would either be forced into adult-care or institutional settings or would suffer from deteriorating health and living conditions while they remained at home.

The Court granted plaintiffs' request for class certification and request for preliminary injunction. The court of appeals affirmed this Court's preliminary injunction by opinion entered March 5, 2013. Following and pursuant to remand, this Court clarified the scope of the preliminary injunction and found waiver of the Rule 65 security requirement to be appropriate. Since that time, the instant motions have become ripe for review.

## DISCUSSION

### I. Motion to Amend and Supplement Complaint

Clinical Policy 3E terminated on December 31, 2012, prior to which time the North Carolina General Assembly enacted legislation specifying that all Medicaid recipients satisfy the same eligibility requirements to receive PCS, irrespective of their place of residence. 2012 N.C. Sess. Laws 142, sec. 10.9F.(c). To implement these eligibility requirements, defendant drafted Clinical Coverage Policy 3L which took effect on January 1, 2013. Plaintiffs now contend that Policy 3L, while it facially provides for comparability in eligibility requirements for PCS, has not been implemented uniformly and that defendant continues to favor provision of PCS in adult-care over in-home settings. Though the specific policy that plaintiffs have challenged has changed, the thrust of plaintiffs' complaint remains the same – that defendant has structured its policies and the implementation of those policies to make it easier for Medicaid recipients to receive PCS when they are in adult-care or institutional settings as opposed to when they live at home.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a complaint "shall be freely given when justice so requires," and such leave "should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178

2

F.3d 231, 242 (4th Cir. 1999) (quotation and citation omitted). Rule 15(d) of the Federal Rules of Civil Procedure provides that a court may, on just terms, permit the supplementation of a pleading in order to account for an occurrence or event that happened after the date of the pleading, and the standards applied when considering a motion to supplement and a motion to amend are "nearly identical." *Franks v. Ross*, 313 F.3d 184, 198 n. 15 (4th Cir. 2002).

The Court finds no prejudice to defendants in allowing plaintiffs to amend and supplement their complaint to challenge Policy 3L as defendant is "fully aware of the events giving rise to the action," *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980), and discovery in this matter has not even commenced. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). Plaintiffs have not acted in bad faith in requesting to supplement as their request is in response to the new policy enacted after the commencement of this suit and plaintiffs sought to amend and suuplement shortly after mandate issued from the court of appeals. Finally, plaintiffs' requested amendment is not clearly frivolous or insufficient as it is based on the same or similar practices by defendant that this Court has previously found to warrant a preliminary injunction. *Johnson*, 785 F.2d at 510.

In light of the foregoing, justice requires that leave to amend and supplement plaintiffs' complaint be freely given; defendant's suggestion that plaintiffs must be required to file a new action to challenge the new PCS clinical policy is without merit as "[v]arious courts have concluded that requiring [a] plaintiff to go through the needless formality and expense of instituting a new action when events occurring after the original filing indicated he had a right to relief [is] inconsistent with the philosophy of the federal rules." *Franks*, 313 F.3d at 198 (internal quotation and citation omitted); *see also Sylvania Indus. Corp. v. Visking Corp.*, 132

F.2d 947, 958 (4th Cir. 1943) (supplementation of pleading to assert new facts proper so as to allow for "just, speedy and inexpensive determination of every action."). Accordingly, plaintiffs' motion to amend and supplement is granted.

II.     Motion to Dismiss for Mootness

Defendant contends that plaintiffs' cause of action was rendered moot and the controversy ceased when Policy 3E was terminated. The Court need not decide that issue, however, as it has determined that plaintiffs should be permitted to amend and supplement their complaint to also challenge Clinical Policy 3L and its implementation. Indeed, supplementing a pleading is a proper mechanism by which to cure a defect, including a jurisdictional bar, *Wilson v. Westinghouse Elec. Corp.*, 838 F.2d 286, 290 (8th Cir. 1988) (citing *Matthews v. Diaz*, 426 U.S. 67, 75 (1976)), and plaintiffs' amendment "to demonstrate that the repealed [policy] retains some continuing force or to attack the newly enacted [policy]" is a wholly appropriate way to avoid dismissal due to mootness. *Diffenderfer v. Cent. Baptist Church of Miami, Fla., Inc.*, 404 U.S. 412, 415 (1972). Defendant's motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is therefore denied.

III.    Motion to Amend Definition of the Certified Class and to Provide Notice

The Court having already certified class in this matter, plaintiffs now seek to amend the class to include those affected by challenged Policy 3L. The Court has already determined that plaintiffs had standing at the commencement of this suit, and the amendment and supplementation of their complaint to challenge Policy 3L in addition to Policy 3E does not change this determination; plaintiffs continue to face termination of PCS due to the implementation of Policy 3L and the practices related to it.

4

The familiar requirements of Rule 23 – numerosity, commonality, typicality, and adequacy – also continue to be satisfied. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 318 (4th Cir. 2006). In both their first amended and their second amended and supplemented complaint, plaintiffs contend that as a result of defendant's polices and practices they are threatened with the termination of in-home PCS, suffer discrimination as they are treated differently from those in need of PCS who live in adult-care settings, and have received or will receive notices that do not comply with the Fourteenth Amendment. Plaintiffs' challenges to Policy 3L and Policy 3E both include whether such policies and related practices violate the Americans with Disabilities Act, Medicaid's comparability requirements, and the Due Process Clause of the Fourteenth Amendment. The interests of the named plaintiffs and the class remain similar enough to ensure that the interests of the class are protected, as all of the named plaintiffs' claims arise from the same legal theories and same factual circumstances as those of the class. Finally, the Court has been presented with no basis upon which to disturb its earlier finding that the named plaintiffs can adequately and fairly protect the interests of the class.

For these reasons, in addition to those articulated in its order first certifying class in this matter, the Court in its discretion finds it appropriate to amend the definition of the class to include those persons affected by Policy 3L. The definition of the certified class is therefore amended to read as follows:

> all current or future North Carolina Medicaid recipients age twenty-one or older who have or will have coverage of personal care services (PCS) denied, delayed, interrupted, terminated or reduced by defendant directly or through her agents or assigns as a result of the eligibility requirements for in-home PCS and unlawful policies and practices in defendant's implementation of Clinical Coverage Policies 3E or 3L.

5

Class counsel shall promptly provide written notice to all class members of the status of this lawsuit. In order to ensure that all class members are properly notified, defendant is directed to promptly provide to class counsel an updated list of class members and their addresses, to include the members of the amended class and any denials or terminations of PCS that have occurred since the last list of class members was provided.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend and supplement their complaint [DE 131] is GRANTED. The clerk is DIRECTED to file plaintiffs' second amended and supplemented complaint [DE 133]. Plaintiffs' motion to amend definition of class [DE 134] is GRANTED and defendant's motion to dismiss [DE 128] is DENIED.

SO ORDERED, this 20 day of August, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE